**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAJIMAN HAFIZ; ASHARFUN NISHA HAFIZ,<br><br>            Plaintiffs - Appellants,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>            Defendant - Appellee. | No. 08-17398<br><br>D.C. No. 3:07-cv-02114-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted June 16, 2010
San Francisco, California

Before:   RYMER and FISHER and RIPPLE, Circuit Judges.[**]

Plaintiffs Majiman Hafiz and Asharfun Nisha Hafiz appeal the district

court's summary judgment in favor of defendant Metropolitan Life Insurance

Company (MetLife).  We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

Under California law, "a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*." *West Coast Life Ins. Co. v. Ward*, 33 Cal. Rptr. 3d 319, 323 (Ct. App. 2005); *see also* Cal. Ins. Code § 331. Here, plaintiffs have failed to create a triable issue as to whether the insured, Ramdulari Sewak, misrepresented her property ownership, as reflected in her listed net worth and the stated purpose for the life insurance policies. They have provided no authority that misunderstandings based on cultural differences should negate those misrepresentations, nor have they shown that MetLife waived its right to the correct information. *See* Cal. Ins. Code § 336 ("The right to information of material facts may be waived, either (a) by the terms of insurance or (b) by neglect to make inquiries as to such facts, where they are distinctly implied in other facts of which information is communicated.").

Plaintiffs have also failed to create a triable issue as to whether Sewak's misrepresentations were material. The declaration of MetLife's underwriter was uncontradicted, *see Wilson v. W. Nat'l Life Ins. Co.*, 235 Cal. App. 3d 981, 995-96 (Ct. App. 1991), and plaintiffs do not challenge materiality on appeal. In any event, although the insurance application did not require applicants to list the relevant properties and mortgage amounts, it did request information about net

2

worth and income.  Thus, Sewak's misstated net worth was material as a matter of

law.  *See Thompson v. Occidental Life Ins. Co. of Cal.*, 9 Cal. 3d 904, 916 (1973)

("The fact that the insurer has demanded answers to specific questions in an

application for insurance is in itself usually sufficient to establish materiality as a

matter of law.").

**AFFIRMED.**

*Hafiz v. Metropolitan Life Insurance Company*
No. 08-17398

FISHER, Circuit Judge, concurring:

Metropolitan Life Insurance Company (MetLife) has not persuasively shown that the insurance agreements at issue were for mortgage protection rather than standard life insurance policies. The only indication that they were of the former type is a handwritten statement by the sales agent in the application's Additional Information section, explaining that the purpose of the insurance was to pay off outstanding mortgage balances on unidentified properties currently owned by the insured and to be inherited by the beneficiaries of the policies. Notably, the benefits to be paid upon the death of the insured are not actually linked to outstanding mortgage balances, so it is unclear why the beneficiaries' intentions for the funds mattered from the insurer's point of view. Although MetLife now says that it would not have issued the policies if not for Sewak's misrepresentations of her property ownership and outstanding mortgage balances, it did not actually request any of that information in the application itself. The information came in only indirectly (and incompletely) through the agent's handwritten statements and the questions regarding the applicant's income and net worth.

Given my uncertainty about the true nature of the policies, I am skeptical

that MetLife's decision to insure actually depended on this financial information, as opposed to the extensive details about Sewak's health and other risk indicators specifically sought in the application. Nor did the post-hoc rationale by MetLife's underwriter clarify how the incorrect information affected MetLife's decision. Her declaration provided only a conclusory assessment, without attempting to substantiate it by reference to MetLife's general practices with respect to mortgage protection policies. Under California law, a court may "inquire into the nature of the information withheld, and the likely practice of the insurance company had the concealed facts been truthfully disclosed." *Old Line Life Ins. Co. v. Superior Court*, 229 Cal. App. 3d 1600, 1604 (Ct. App. 1991). MetLife's failure to provide evidence explaining – rather than merely asserting – its "likely practice" makes this a close case.

Ultimately, I concur in the decision to affirm because plaintiffs have failed to create a triable issue on materiality. Their briefs on appeal do not clearly contest this issue, and they presented no evidence to the district court to contradict the MetLife underwriter's conclusions. Thus, despite my skepticism, I agree with the majority that summary judgment was proper on this record.

2